IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA; JASON MEDLIN, Warden; | ) | |
| RON DAY, Chaplain; JAY PHILLIPS, | ) | |
| Faithbased Facilitator; and DAMON | ) | |
| HININGER, President, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF"), in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE COMPLAINT**

A.  **BACKGROUND**

Plaintiff names the following individuals as Defendants: (1) Corrections Corporation of America; (2) Jason Medlin, Warden at WCF; (3) Ron Day, Chaplain at WCF; (4) Jay Phillips, Faithbased Facilitator at WCF; and (5) Damon Hininger, President of Corrections

Corporation of America.[1] Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Corrections Corporation of America, the company responsible for the operation of WCF, has implemented a "Faithbased Program" which requires inmates who participate to follow certain "curriculum & rules." (Doc. no. 1, p. 5). Plaintiff does not describe how an inmate is enrolled in the Faithbased Program, but he asserts he was "coerced" into the program based on bunk assignment by WCF Classification Committee. (Id. at 6.) Once enrolled, Christianity is the only religion taught. (Id.) Plaintiff, who is Muslim, complains that although he has been forced to attend group sessions promoting Christianity, no effort has been made to "reach out to an Imam to teach islam." (Id. at 7, 11.) Plaintiff also complains that other inmates in the Faithbased Program have been punished with disciplinary reports for not attending group sessions. (Id. at 6 and Ex. C.) Although Plaintiff apparently does not like participating in a program that promotes Christianity, he also complains that his rights were somehow violated when he was dismissed from the program. (Id. at 7-8.)

Plaintiff complains that he has suffered "great pain, mental anguish, and acute emotional distress" from being forced to violate the tenants of his religion in some unspecified manner. (Id. at 13.) Plaintiff seeks millions of dollars in damages and wants Corrections Corporation of America "to implement islam and 4 other religions" into the Faithbased Program at WCF, and two other prisons in Georgia run by the company. (Id.)

---

[1]Because he did not list Damon Hininger in the caption of the complaint but did list him in the section of additional Defendants, it is not entirely clear whether Plaintiff intended to name him as a separate Defendant or simply included his name as part of the identification information for Corrections Corporation of America. (See doc. no. 1, pp. 1, 4.)

B. **DISCUSSION**

1. **Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the

3

pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Complaint.

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. For example, Plaintiff has not identified what type of claim he is attempting to bring. To the extent Plaintiff complains that any Defendant acted in a negligent manner, (see, e.g., doc. no. 1, p. 10, ¶ 29), section 1983 requires more than negligence. Daniels v. Williams, 474 U.S. 327, 330-33 (1986). To the extent he complains about the Faithbased Program favoring Christianity, Plaintiff alternately appears to be complaining that he was forced into the Faithbased Program and then that he was dismissed from the program. "[A] complaint fails to state a Free Exercise claim," however, "if it does not allege that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1256-57 (11th Cir. 2012), *cert. denied,* 133 S. Ct. 856 (U.S. 2013).

Plaintiff does not actually allege any impact on his ability to hold his religious beliefs or act pursuant to them. Indeed, he attaches an exhibit to his complaint confirming

4

his dismissal from the Faithbased Program that expressly states Plaintiff has "the choice to attend or not attend any religious service offered at WCF." (Doc. no. 1, Ex. I). Rather, his allegations appear to center around his dorm assignment. However, prisoners do not have a *constitutionally* protected interest in a particular housing assignment. See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002).

Plaintiff also fails to describe how each of the named defendants participated in any alleged constitutional violation. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law); Anderson v. Georgia State Pardons and Parole Bd., 165 F. App'x 726, 729 (11th Cir. 2006 (*per curiam*) (same); see also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (explaining there is no supervisory liability in a § 1983 case unless there is either personal participation in alleged unconstitutional conduct or a causal connection between the actions of a supervising official and the alleged constitutional deprivation). Here, for example, Plaintiff complains about bunk assignments made by a non-descript "classification committee," an entity that is not named as a defendant in the case, and even if it were, would not qualify as a "person" for purposes of § 1983 liability. Likewise, Plaintiff makes general allegations about Defendant Medlin being responsible for "all inmates assigned to his charge," (doc. no. 7), but provides no information as to how the warden knew about or personally participated in the acts about which Plaintiff complains.

C. **Leave to Amend Complaint.**

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by

amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.[2] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order.

### III. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should

---

[2]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[3] Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this

---

[3] For example, Plaintiff should not simply state, "See attached documents."

Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 20th day of August, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA