IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following individuals as Defendants: (1) Corrections Corporation of America ("CCA"); (2) Jason Medlin, Warden at WCF; (3) Ron Day, Chaplain at WCF; (4) Jay Phillips, Faithbased Facilitator at WCF; and (5) Damon Hininger, President of Corrections Corporation of America. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court

must for purposes of the present screening, the facts are as follows.

CCA, the company responsible for the operation of WCF, has implemented a "Faithbased Program" which requires Plaintiff "to participate in their one and only preferred choice of religion[,] Christianity." (Doc. no. 1, p. 5). Plaintiff enrolled in the program due to an available bottom bunk and a representation that he would be able to teach Islam there. (Id. at 7.) Plaintiff was unable to teach Islam due to the program excluding all other religions besides Christianity. (Id.) Plaintiff, who is Muslim, complains that he has been forced to attend mandatory group sessions promoting Christianity thirteen times a week. (Id. at 5, 6.) CCA is directly responsible for implementing and setting standards for the operation of the program, and Damon Hininger gives orders to his subordinates on how the program should be run. (Id. at 7, 8.) Chaplain Ron Days oversees the program. (Id. at 9.) Jay Phillips also oversees the program and used coercive participation by penalizing Plaintiff with a disciplinary report for not attending a mandatory group session. (Id. at 9-10.) Jay Phillips also kicked Plaintiff out of the program after seven months. (See id. at 10.) Warden Jason Medlin is also in charge of the program and the chaplain department and has failed to purchase materials so that the program can implement other religions.

Plaintiff complains that he was "scandalized, infamy [sic], and disgraced for seven months violating [sic] the tenants of my religion" and was also "greatly humiliated". (Id. at 6.) Plaintiff also claims that CCA "continue [sic] to show a threat of future abuse defrauding the government of millions by not purchasing all religious materials for the program." (Id.) Plaintiff seeks millions of dollars in damages and wants CCA "to implement Islam and 4 other religions" into the program at WCF.

**B. DISCUSSION**

**1. Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to

3

'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Does Not Have Standing to Bring His Fraud Claim and Fails to Plead It With Particularity.

Plaintiff alleges that Defendants are committing fraud by not purchasing all materials for the program and collecting money for inmates' materials even after they are removed from the program. (Doc. no. 1, p. 6.) These allegations fail to state a claim because Plaintiff does not have standing to bring such a fraud claim. "Pursuant to Georgia law, a plaintiff asserting a fraud claim must establish the following elements: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. Johnson v. GAPVT Motors, Inc., 663 S.E.2d 779, 783 (Ga. Ct. App. 2008). Plaintiff admits that it is the government being defrauded and not him. (Doc. no. 1, p. 6.) Thus, it is apparent from the face of Plaintiff's complaint that this alleged fraud resulted in no damages directly to him.

Additionally, a plaintiff is required to plead fraud with particularity in accordance with Fed. R. Civ. P. 9(b). "Rule 9(b) requires the following elements to be alleged: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of

4

omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Moore v. Mylan Inc., 840 F. Supp. 2d 1337, 1349-50 (N.D. Ga. 2012) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Here, Plaintiff states vaguely that Defendants made misrepresentations to the government about materials being bought for the program. (Doc. no. 1, p. 6.) Plaintiff has not explained the time, place, or context in which Defendants made the misrepresentations or omissions or the person responsible for doing so. See Moore, 840 F. Supp. 2d at 1349-50. Additionally, he has not explained specifically how these misrepresentations or omissions misled him or in what way he relied on them, and why reliance was reasonable. Id. The lack of factual information leads to a vague and conclusory complaint that fails to satisfy Rule 9(b). See, e.g., Moore, 840 F. Supp. 2d at 1349-50 (finding Rule 9(b) not met in action against drug manufacturer where plaintiff did not provide facts about time, location, substance, and method of communication of defendant's allegedly fraudulent statements or omissions or about how decedent relied on statements and omissions); Henderson v. Sun Pharm. Indus., Ltd., CV 411-0060, 2011 WL 4024656, at *6 (N.D. Ga. June 9, 2011) (holding allegations failed to state a claim or satisfy Rule (b) where plaintiff did not provide examples of specific fraudulent statements or representations, or time, place, or context within which they occurred).

### 3. Plaintiff May Not Sue Defendants in Their Official Capacities for Monetary Damages.

Plaintiff is attempting to proceed against Defendants in both their individual and official capacities, and he seeks an award of monetary damages against each Defendant. (See doc. no. 1, p. 6.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore,

Plaintiff's official capacity claims for monetary relief fail as a matter of law, and they should be dismissed from this case.

**II.     CONCLUSION**

For the reasons set forth above, this Court **REPORTS and RECOMMENDS** that Plaintiff's claims for monetary damages against Defendants in their official capacities and Plaintiff's claims for fraud be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 13th day of November, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA