IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. On November 13, 2014, the Court directed the United States Marshal to effect service of process upon Defendants. (Doc. no. 14.) On December 31, 2014, the U.S. Marshal's Return of Service form for Defendant Jason Medlin came back unexecuted. (Doc. no. 18.) The form indicated that Jason Medlin was no longer employed at Wheeler Correctional Facility. (Id.)

Because "reasonable efforts" must be made to effect service, see Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010), the Court finds it appropriate that further steps be taken to effect service in this case. While the Court is aware that the Return of Service indicates some ambiguity as to Defendant Medlin's current location, the Marshal should be able to utilize other resources to locate and serve that Defendant.

Accordingly, the Court **DIRECTS** the U.S. Marshal to use reasonable efforts to locate Defendant Medlin and ensure that he is served with a copy of the amended complaint (doc. no. 11), the current operative complaint in this case, through requesting waiver of service. Of course, should personal service become necessary in the future due to Defendant Medlin's failure to comply with a valid request for waiver of formal service, he will be responsible for the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). The Marshal is **FURTHER DIRECTED** to notify the Court within twenty-one days of the date of this Order as to whether Defendant Medlin has been located and served. Plaintiff is reminded that he is responsible for providing sufficient information for the Marshal to identify and locate Defendants to effect service; thus, if the Marshal makes reasonable efforts to effect service but is not able to do so because of insufficient information, any unserved Defendant may be dismissed from this case for failure to effect service.

Additionally, the Court has become aware that the November 13th Order directing service of process upon Defendants referenced the original complaint in this case. (Doc. no. 14, p. 3.) An amended complaint has been filed and is the current operative complaint in this case. (Doc. no. 11.) Although no attorney has made an appearance in this case, the Court is cognizant that Stephen E. Curry customarily represents Defendants in other cases before this Court. To avoid confusion over which complaint must be answered, the Court **DIRECTS** the Clerk to mail

the amended complaint and this Order to Mr. Curry at 3508 C Professional Circle, Martinez, GA 30907-2220.

SO ORDERED this 22nd day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA