IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. Presently before the Court is Plaintiff's motion for an extension of time to complete discovery (doc. no. 41), motion to compel (doc. no. 42), and motion for a second request for admissions (doc. no. 43). Defendants have also filed an extension of time to file civil motions and a motion to file their summary judgment motion out of time. (Doc. nos. 50, 56.) For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion to compel (doc no. 42), **DENIES AS MOOT** Plaintiff's motion for a second request for admissions (doc. no. 43), **GRANTS** Plaintiff's motion for an extension of discovery (doc. no. 41), and **DENIES AS MOOT** Defendants' motion for an extension of time to file civil motions and motion to file their

summary judgment motion out of time, (doc. nos. 50, 56.), and **DENIES** Defendants' motion for summary judgment without prejudice and with the right to refile following the close of discovery (doc no. 55).

## I. BACKGROUND

The amended complaint alleges Defendants violated the Establishment Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing Plaintiff to participate in a Christian faith-based program despite his Muslim beliefs. (See doc. no. 11.) On March 23, 2015, Plaintiff served requests for production, and Defendants' responses, allegedly received on May 11, 2015, contained only objections. (Doc. no. 42, p. 2.) Plaintiff contends Defendants waived their objections by not timely responding and that all documents requested are relevant. (Id.) Plaintiff also requests leave to serve a second request for admissions and a ninety-day extension of discovery so that he can prepare for summary judgment after receipt of any supplemental document production. (Doc. nos. 41, 43.) On July 13, 2015, Defendants requested an extension of the deadline for summary judgment motions but subsequently moved for summary judgment, and leave to file the motion out of time, on July 23, 2015. (Doc. nos. 50, 55, 56.)

## II. DISCUSSION

### A. Plaintiff's Motion to Compel

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant

2

information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).

### 1. Threshold Issues

Before delving into a discussion regarding relevance of the disputed document requests, the Court will address four threshold issues. First, the Court rejects Defendants' argument that Plaintiff's motion to compel does not comply with the Local Rules. Plaintiff provided each disputed request for production, explained his arguments as to the relevance of each, and certified that he attempted in good faith to negotiate a resolution with defense counsel before moving to compel. (Doc. no. 42, pp. 6-19.)

Second, because Defendants show by affidavit that they never received the request for production ("RFP") to Defendant Hininger, the Court **DENIES** Plaintiff's motion to compel production from Defendant Hininger. Now that defense counsel has received this request as an attachment to the motion to compel, however, the Court hereby **ORDERS** Defendant Hinninger to serve a response within thirty days from the date of this Order. Third, the Court finds that all remaining defendants served timely RFP responses on April 23, 2015 and thus did not waive their objections. (Doc. no. 44, pp. 1, 6-34.)

Fourth, there is no need to engage in a lengthy discussion of many discovery requests that are the subject of Plaintiff's motion to compel because Defendants represented unequivocally as to each that there are no responsive documents. (See id., pp. 6-20.) This representation is made in relation to (1) numbers four, five, six, seven, and eight in CCA'S RFP; (2) numbers one, two, four, and five in Day's RFP; and (3) numbers one, two, six, and seven in Medlin's RFP. The Court obviously cannot compel production of documents that do not exist. Mathis v. Wachovia, 505-CV-163, 2006 WL 3747300, at *2 (N.D. Fla. Dec. 18, 2006) ("Clearly, if documents do not exist or are not in Defendant's possession or control, the court cannot compel Defendant to produce the documents."). In addition, this Court is generally entitled to rely on representations made in discovery requests and responses. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1372 (11th Cir. 1997); id. Because there is no basis for a finding that the representations by defense counsel are false, the Court **DENIES** Plaintiff's motion to compel as to these requests.

## 2. Defining the Scope of Relevant Discovery

Plaintiff, a Muslim, alleges Defendants violated RLUIPA by forcing him to participate in a faith-based program at WCF that only taught Christianity and deceiving him into believing he would be able to teach Islam. (See doc. no. 11, pp. 4-7.) RLUIPA prohibits the imposition of a substantial burden on the religious exercise of prisoners unless the substantial burden can survive strict scrutiny. See 42 U.S.C. § 2000cc-1. "To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate (1) that he engaged in a religious exercise; and (2) that the

4

religious exercise was substantially burdened." Benning v. Georgia, 845 F. Supp. 2d 1372, 1376 (M.D. Ga. 2012).

Plaintiff's claims, broadly construed, also allege violations of the Establishment Clause, which "at least" prohibits any government from passing laws that "aid one religion, aid all religions, or prefer one religion over another." Everson v. Bd. of Ed. of Ewing Twp., 330 U.S. 1, 15 (1947). To pass muster under the Establishment Clause, a practice must (1) have a valid secular purpose; (2) not have the effect of advancing or inhibiting religion; and (3) not foster excessive government entanglement with religion. Lemon v. Kurtzman, 403 U.S. 602, 612 (1971),

With this basic framework of Plaintiff's claims in mind, the permissible scope of discovery appears to include, without limitation, information concerning Plaintiff's recruitment and participation in the faith-based program, the types of religions and beliefs included in the faith-based program during Plaintiff's participation, the curriculum of the program, the types of materials used in connection with the program, policies and practices applicable to the program, voluntariness of the program, and whether inmates were allowed to practice religions other than Christianity while in the program. The Court now turns to a discussion of all documents requests in dispute. Notably, the Court has typed Plaintiff's document requests verbatim without noting every error with the traditional reference to the Latin word "sic."

5

### 3. Disputed Document Requests to Defendant CCA.

Defendant CCA is alleged to be a private corporation that owns and operates Wheeler Correctional Facility pursuant to a contract with the Georgia Department of Corrections. (See doc. no. 11, pp. 7-8.) Plaintiff alleges CCA adopted improper standards and policies for operation of the faith-based program. Remaining in dispute for Defendant CCA are three document requests, the first of which provides as follows:

> *1. Produce all documents contain, constru, refer to the number of CCA's across the United States "Name and Sate Facility operates in" that operate a BIP faith based program or any other religious program that receive Federal Financial Assistance.*
>
> *RESPONSE: The defendant objects to the request because it calls for information irrelevant to the plaintiff's lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the request is overbroad.*

This request asks for documents concerning faith-based programs at any other prison in the nation operated by CCA. (See doc. no. 44, p. 6.) Because faith-based programs not involved in this lawsuit are irrelevant and have no bearing on Plaintiff's claims, the Court **DENIES** Plaintiff's motion to compel as to RFP number one.

> *2. Produce all grievance filed by plaintiff while in bldg. 600 AC in April of 2012 at WCF.*
>
> *RESPONSE: The defendant objects to the request because it calls for information irrelevant to the plaintiff's lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the request is overbroad.*

6

Because this request narrowly seeks production of grievances filed by Plaintiff during the month of April 2012 when he was participating in the faith-based program, the Court **ORDERS** CCA to produce all responsive documents.

> *3. Produce plaintiff s OMS schedule while housed in bldg 600 AC in April 2012 at WCF.*
>
> *RESPONSE: The defendant objects to the request because it calls for information irrelevant to the plaintiff's lawsuit and which is not reasonably calculated to lead to the discovery of admissible evidence.*

This request is relevant because it is narrowly tailored to documents concerning Plaintiff's schedule in April 2012, during his participation in the faith-based program. The Court thus **ORDERS** CCA to produce all responsive documents.

> *9. Produce the documents of the Georgia Department of Corrections authorizing CCNWCF to uses as a punitive measure the punish an inmate with a disciplinary report for non-participating in Christianity through mandatory group sessions in the BIP Faith based program.*
>
> *RESPONSE: The Georgia Department of Corrections is not a defendant in this action. This defendant objects to providing documents from nonparties. The plaintiff may obtain those by other means from the nonparty.*

This request asks for documents concerning any authorization from the Georgia Department of Corrections for CCA to punish inmates who refuse to participate in the faith-based program because of its alleged Christian emphasis. (Id. at 8.) Defendant CCA does not clearly say in its response that it does not possess any responsive documents. Instead, it states, in essence, that Plaintiff should ask the Georgia Department of Corrections for them.

The Court hereby **ORDERS** Defendant CCA to amend its response and clarify whether any such documents are in its possession or control, and, if so, to confirm that it will produce them.

> *10. Produce the documents that contain, construe, refer to you instruction WCF Medlin, Day, Phillips of what specific religions to teach in the BIP Faith based program.*
>
> *RESPONSE: The request is not clear or understandable and is objected to on that ground. The program does not teach religions.*

Although this request may not be a model of clarity, it is clear enough to warrant production of any and all documents, regardless of the author, that discuss, concern, or relate to the issue of what religions should be or are incorporated into any aspect of the 2012 faith-based program. If there are no responsive documents, Defendant should clearly state as much in its response. The Court thus **GRANTS** Plaintiff's motion to compel as to this request.

### 4. Disputed Document Requests to Defendant Ron Day

Defendant Ron Day is alleged to be the chaplain and overseer of the faith-based program at Wheeler Correctional Facility. (Doc. no. 11, p. 9.) Plaintiff alleges Defendant Day forced him to participate in Christianity through mandatory group sessions and failed to implement other religions in the program. (Id.) As to Defendant Ron Day, the three remaining document requests and responses in dispute are as follows:

> *3. Produce all documents contain, constru, refer to the Chaplain budget in 2012.*

*RESPONSE: The request is objected to because it calls for irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence.*

*6. Produce all documents contain, constru, refer to how you supervised Phillips and the BIP Faith base program that set forth in your job duties, responsibilities, directives, policies.*

*RESPONSE: The defendant objects to providing free copies of discovery documents. However, the job description for my position as chaplain is as follows: Plans, conducts or facilitates workshops, and group activities specific to programs by facilitating group discussions, lecturing, demonstrating, and using audio and/or visual aids and other material to supplement program curriculum. Follows standard curriculum for the program and supervises all program activity. Creates and maintains an environment that is conducive to learning and personal growth of inmates/residents by establishing standards of behavior and participation, and encourages inmates/residents to maintain these standards. Coordinates admissions, evaluations, program completion, and program termination information with other interested staff and departments. Maintains and monitors confidentiality of inmates/residents and administrative flies. Evaluates progress of assigned inmates/residents and reviews status to verify that programs are completed. Utilizes established company, facility, and correctional policies and procedures in making decisions.*

*7. Produce all documents, contain, refer to any complaints, grievances lawsuits filed against you.*

*RESPONSE: The defendant objects to plaintiff's request on the grounds that as drawn, because it is overbroad, seeks irrelevant information, that not calculated to lead to the discovery of admissible evidence is unduly burdensome, vague and ambiguous.*

Because RFP numbers three and six are reasonable and relevant, the Court **COMPELS** Defendant Day to produce the budget for the 2012 faith-based program, documents concerning his supervision of the faith-based program in 2012, all documents

9

concerning his job duties and responsibilities with respect to the 2012 faith-based program, and all documents that concern directives and policies applicable to the 2012 faith-based program. It is insufficient for Defendant Day to type a summary of his job description into his response to the document request.

RFP number seven is overly broad in its request for all grievances filed against Defendant Day concerning any subject. Falling within the scope of relevance, however, are grievances filed against Defendant Day that concern the 2012 faith-based program, any allegation of him coercing or requiring inmates to participate in Christian activities or events, or any allegation that he prohibited or discouraged inmate participation in religious activities or events related to religions other than Christianity. For these reasons, the Court **GRANTS IN PART** Plaintiff's motion to compel as to Defendant Day's RFP numbers three, six, and seven.

### 5. Disputed Document Requests to Warden Medlin

Defendant Jason Medlin is alleged to have been the warden at Wheeler Correctional Facility during the relevant time frame. (Doc. no. 11, p. 11.) Plaintiff alleges that Defendant Medlin was in charge of the faith-based program and failed to purchase non-Christian religious materials for the program. (Id.) Plaintiff further alleges that Defendant Medlin failed to adequately supervise his subordinates, Defendants Day and Phillips, in their operation of the program which forced inmates to practice Christianity. (Id.)

Remaining in dispute with respect to Defendant Medlin are RFP numbers three, four, and five, as follows:

> *3. Produce all documents contain, construe, refer to how you supervised your subordinates Day, Phillips.*
>
> *RESPONSE: The request is objected to as overbroad, and calls for information not relevant to this lawsuit.*
>
> *4. Produce all documents contain, construe, refer to your job responsibilities duties set forth in any directives, policies, stipulations, RLUIPA 42UCSC 200 CC-1.*
>
> *RESPONSE: The interrogatory cannot be answered as drawn because it is ambiguous and unclear. Otherwise, it calls for information not relevant to this lawsuit.*
>
> *5. Produce all documents contain, construe, refer to the religious material you purchased for the BIP faith based program at WCF before 2012 and after 2012.*
>
> *RESPONSE: I did not purchase religious materials as described.*

RFP numbers three and four are relevant only to the extent they seek production of documents that concern the 2012 faith-based program. As to RFP number three, this means documents concerning Defendant Medlin's supervision of Defendants Day and Phillips in their involvement with the 2012 faith-based program. Likewise, for RFP number four, the relevant documents are only those that concern Defendant Medlin's job responsibilities with respect to the 2012 faith-based program.

Defendant Medlin's response to RFP number five suggests that he has construed this request too narrowly. Plaintiff seeks production of all religious materials used in connection

11

with the faith-based program since its inception to the present, as well as all documents concerning the purchase of such material. The request is relevant, but only to the extent it seeks materials used in the 2012 faith-based program, documents concerning the purchase of such materials, and documents that list materials used in the 2012 program. The Court thus **GRANTS IN PART** Plaintiff's motion to compel as to Medlin's RFP numbers three, four, and five.

### 6. Disputed Document Requests to Defendant Phillips

Defendant Jay Phillips is alleged to have been the overseer of the faith-based program at Wheeler Correctional Facility. (Doc. no. 11, pp. 9-10.) Plaintiff alleges that Defendant Phillips failed to include other religions in the program and coerced inmates to attend group sessions through writing disciplinary reports for abstention. (Id. at 10.) Plaintiff further alleges Defendant Phillips falsely stated that Plaintiff had completed the faith-based program after seven months despite the program supposedly being nine months long. (Id.) In their response brief, Defendants failed to attach Defendant Phillips' responses the all nine RFPs of Plaintiff, and the Court is unsure of the bases for objections. (See doc. no. 44.) The Court will nonetheless address the relevance of the documents requested and whether they are subject to production.

> *1. Produce all documents contain, refer, to the BIP faith-based curriculum before 2012, April-November 2012, and after 2012.*
>
> *2. Produce all documents construe, refer to the religious materials purchased for the BIP faith-based program before 2012 and from April through November 2012.*

RFP number one seeks documents that concern or discuss the curriculum for the faith-based program. The request is reasonable except it shall be limited in time to 2011, 2012, and 2013. RFP number two is relevant, but only to the extent it seek documents concerning the purchase of materials used on connection with the 2012 faith-based program. The Court thus **GRANTS IN PART** Plaintiff's motion to compel as to Phillips' RFP numbers one and two.

> *3. Produce the document move slip for Plaintiff from 9NT2210 to 10CM18T November 2012.*

The move-slip concerning Plaintiff's discharge from the faith-based facility in November of 2012 is relevant because Plaintiff contends he was never allowed to complete the faith-based program and moved out of the dorm early. Thus, the Court **GRANTS** Plaintiff's motion to compel as to Phillips' RFP number three.

> *4. Produce all disciplinary reports you written as facilitator of the BIP faith-based program towards those inmates enrolled in the program for failing to report to mandatory group sessions, or disciplinary reports for any other reason.*

RPF number four is relevant in light of Plaintiff's claim that prison officials require non-Christians to attend Christian group sessions, and are punished for failing to participate in Christian activities or services. The request is overly broad, however, to the extent it seeks documents concerning the discipline of prisoners who failed or refused to participate for any reason other than an objection that they did not adhere to the Christian faith. Thus, the Court **GRANTS** Plaintiff's motion to compel as to this aspect of Phillips' RFP number four.

13

> *5. Produce all documents contain, construe, refer to the Georgia Department of Corrections authorizing as means of punitive measure for CCA/WCF to punish an inmate for not participating in Christianity through mandatory group sessions in the BIP faith-based program.*
>
> *6. Produce all documents contain, construe, refer to any changes you made in the policy of the BIP faith-based program penalizing non-participants with a disciplinary report.*

Both of these requests are relevant to Plaintiff's claims of non-Christians being punished for not participating in Christian services and activities. These requests are reasonable in scope even though they are not limited to participants in the 2012 program. Thus, the Court **GRANTS** Plaintiff's motion to compel as to Phillips' RFP numbers five and six.

> *7. If CCA/WCF is receiving federal financial assistance for the BIP faith-based program, they are obligated to teach a diversity of religions in the program. If any of these duties are set forth in any job description, policy, directives, stipulations under 42 U.S.C. § 2000 CC1-CC5 spending clause or any other clause, produced all those documents.*

As to number seven, Defendants have already represented that there are no documents responsive to such a request in another RFP. (See doc. no. 44, p. 7.) Thus, the Court **DENIES** Plaintiff's motion to compel as to Phillips' RFP number seven.

> *8. Produce all documents contain, construe, refer to any donated religious materials for the BIP faith-based program at WCF*

Similar to the first two requests in Phillips' RFP, this request is relevant to the extent it seeks documents reflecting or consisting of any donated religious materials used in connection

with the 2012 program. Thus, the Court **GRANTS** Plaintiff's motion to compel as to Phillips' RFP number eight.

> *9. Produce all documents contain, construe, refer to any complaint, grievance, lawsuits, filed against you.*

This request is relevant only to the extent it seeks complaints, grievances, and lawsuits filed against Defendant Philips that concern his involvement in the faith-based program. Thus, the Court **GRANTS IN PART** Plaintiff's motion to compel as to this RFP.

### B. Plaintiff's Motion for a Second Request for Admissions

Plaintiff filed a motion for a second request for admissions on the last day of discovery, June 17, 2015. (Doc. no. 43.) Leave of court is not required for Plaintiff to serve discovery requests during the discovery period, even if service occurs on the last day of the discovery period. See Fed. R. Civ. P. 36. In addition, the Court is extending discovery for ninety days as stated below. Thus, the Court **DENIS AS MOOT** Plaintiff's motion.

### C. Plaintiff's Motion for an Extension of Discovery

Because the Court has granted a significant portion of Plaintiff's motion to compel, an extra ninety days for discovery is appropriate. Accordingly, the Court **GRANTS** Plaintiff's motion for an extension of discovery, (doc no. 41.), and the discovery period shall end on November 21, 2015 with the deadline for filing civil motions being December 21, 2015.

### D. Defendants' Summary Judgment Motion

The Court **DENIES AS MOOT** Defendants' motions for an extension of time to file their summary judgment motion. (Doc. nos. 50, 56.) In light of the production that the Court

has ordered along with the extended discovery period, the Court **DENIES** Defendants' motion for summary judgment without prejudice and with the right to refile following the close of discovery. (Doc. no. 55.) Notably, the current motion for summary judgment does not address Plaintiff's Establishment Clause claim.

### E. Plaintiff's Motion to Determine the Sufficiency of the Answers

Plaintiff has also filed a motion to determine the sufficiency of the answers to multiple requests for admissions served upon Defendants. (Doc. no. 46.) Defendants have failed to respond to the motion, and the Court is hesitant to rule on the motion without a copy of the original responses given by Defendants to the requests. (Id. at 6-10.) Thus, the Court **ORDERS** Defendants to submit a response brief to the motion, along with copies of the responses to the requests for admissions by Monday, August 31, 2015.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's motion to compel (doc no. 42). Subject to the many modifications to Plaintiff's documents requests described above, Defendants shall produce documents responsive to (1) numbers two, three, nine, and ten in CCA's RFP;(2) numbers three, six, and seven in Day's RFP; (3) numbers three, four, and five in Medlin's RFP; (3) and numbers one, two, three, four, five, six, eight, and nine in Phillips' RFP. The Court **ORDERS** Defendants to furnish the responsive documents for Plaintiff's inspection within fourteen days of this Order, but Plaintiff will only be allowed to make copies with his own funds. In addition, the Court **DENIES AS MOOT** Plaintiff's motion for a second request for admissions (doc. no. 43), **GRANTS** Plaintiff's

motion for an extension of discovery (doc. no. 41), and **DENIES AS MOOT** Defendants' motion for an extension of time to file civil motions and motion to file their summary judgment motion out of time (doc. nos. 50, 56), and **DENIES** Defendants' motion for summary judgment without prejudice and with the right to refile following the close of discovery (doc no. 55). Finally, the Court **ORDERS** Defendant to submit a response brief to Plaintiff's motion to determine the sufficiency of the answers (doc no. 46), along with copies of the responses to the requests for admissions by Monday, August 31, 2015.

SO ORDERED this 26th day of August, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA