IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Before the Court is Plaintiff's motion to determine the sufficiency of the answers to requests for admissions served upon Defendants. (Doc. no. 46.) Defendants argue that Plaintiff has not made a good faith attempt to resolve the current discovery dispute before filing his motion in court and that their responses were sufficient when made. (Doc. no. 68.) Defendants argue that Plaintiff only sent one letter upon receiving the responses to the requests for admission, which merely stated that if he did not receive proper responses to the requests then he would file a motion. (See doc. no. 68, p. 2, doc. no. 42, p. 17.)

Discovery motions must contain a certification "that a good faith effort has been made to resolve the dispute before coming to the court." Loc. R. 26.5. However, such a certification does not necessarily demonstrate, standing on its own, that an actual good faith effort has been made to resolve the dispute. See Jackson v. Deen, CV 412-139, 2012 WL 7198434, at *1 (S.D. Ga. Dec. 3, 2012) (finding that a good faith effort had not been made

where the attorneys did not verbally confer about the motion). Furthermore, a simple exchange of papers or superficial conference on the discovery issues will not suffice to meet the requirement contained in Fed. R. Civ. P. 37(c). See State Farm Mut. Auto. Ins. Co. v. Howard, 296 F.R.D. 692, 697 (S.D. Ga. 2013) (finding that a superficial conversation about the discovery issues did not suffice.)

To this end, Plaintiff's single letter discussing the responses to his requests, which simply calls them insufficient without further detail and then threatens to file a motion, is wholly insufficient to meet the good faith requirement contained in Fed. R. Civ. P. 37(c). Although the Court is mindful that Plaintiff is incarcerated and is limited in his ability to confer with defense counsel, Plaintiff must utilize more than a single letter devoid of any detail or argument before he can certify to the Court that he has meet and conferred about the dispute in good faith. Indeed, a simple comparison between his efforts with defense counsel and the effort he put into his discovery motion show a large disparity. Had Plaintiff put the same effort into resolving this dispute with defense counsel as arguing it to the Court, the Court's intervention may have been unnecessary.

Nevertheless, the Court cannot ignore the deficiency of Defendants' responses to Plaintiff's requests for admissions. Fed. R. Civ. P. 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

The responses here fail to meet those requirements, and fail to follow many of the remaining instructions in Fed. R. Civ. P. 36. For example, in request for admission 1(d) to Defendant Hininger, the following exchange occurs:

> **RFA**: "You fail to properly supervise your subordinates, Medlin, Day, Phillips, by allowing them to violate my First Amendment rights to free exercise of religion to the establishment clause, 14th amend Equal Protection of Religion forcing plaintiff to participate in Christianity through mandatory group sessions or be punished with a disciplinary report. [sic]"
>
> **RESPONSE**: "The request assumes facts that are not correct. Notwithstanding, my position does not involve day to day direct supervision of staff at this level. Therefore, your request is denied as drawn."

Fed. R. Civ. P. 36 requires that a response specify which part of the request it is admitting and denying, and that a denial fairly respond to the substance of a matter. Here, the response is entirely unclear as to which facts are incorrect in the request. In addition, the general denial in the last sentence is qualified by the phrase "as drawn" and seems to build on the preceding two sentences. Although Defendants supplemented their answers in their response to Plaintiff's motion, this is not a proper substitute for actually serving sufficient responses. The supplemental responses also fail to satisfy the requirements of Fed. R. Civ. P. 36.

Accordingly, the Court **GRANTS** Plaintiff's motion to determine the sufficiency of the answers (doc no. 46), and will require Defendants to serve amended responses to the requests that fully comply with Fed. R. Civ. P. 36 within twenty-one days of the date of this

3

Order. Defendants shall also file the amended responses with the Court, in deviation from L.R. 26.4.

SO ORDERED this 30th day of October, 2015, at Augusta, Georgia

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA