IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff's motion for sanctions and to subpoena documents and a motion to compel. (Doc. no. 70.) In keeping with Plaintiff's normal course of action, Plaintiff has turned to the Court to solve a discovery dispute rather than attempting to solve the issue with opposing counsel with both motions omitting a Rule 37 certification that he has attempted in good faith to confer with defense counsel. Fed. R. Civ. P. 45 is also not a proper procedural device for obtaining discovery from a party. See Hatcher v. Precoat Metals, 271 F.R.D. 674, 676 (N.D. Ala. 2010). Accordingly, the Court **DENIES** Plaintiff's motion for subpoena. (Doc. no. 70.)

Plaintiff also request sanctions against Defendants because they have allegedly failed to produce documents in accordance with this Court's August 26th Order. (Doc. no. 70, pp. 2-6.) Plaintiff's motion misses the fact that the documents he hopes to receive simply do not exist. For example, Plaintiff requested documents from CCA pertaining to the religions that

it instructed subordinates to teach in the faith-based program.  (Id. at 4.)  In response to this request for production, defense counsel stated on behalf of Defendants that the only responsive document was the Life Principle Operations Manual 2012 and 2009.  (Doc. no. 60, p. 5, doc. no. 72, p. 5.)  Plaintiff received this document, yet he complains about its length.  (Doc. no. 70, p. 4.)  Plaintiff also complains about not receiving his "move slip" from the faith-based dorm.  Defendants represented they do not possess this document.  (Doc. no. 60, p. 9.)  Plaintiff also complains about not receiving documents relating to the curriculum of the program, despite counsel certifying that he produced numerous documents relating to its curriculum, including the manual, book lists, photos of DVDs, and numerous other materials used in the program.  (See doc. no. 67.)

Upon review, the Court **DENIES** Plaintiff's motions for sanctions.  (Doc. no. 70.)  Defense counsel has certified that he has complied with the Court's Order, (doc. no. 67, 72), and Plaintiff brings nothing to bear to undermine this certification or that counsel has misrepresented the lack of documents responsive to the requests at issue.  See In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1349 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 26(g) which requires that attorneys certify the completeness of discovery responses under penalty of sanctions and holding that sanctions requires a showing of incomplete disclosure and a lack of reasonable inquiry).

SO ORDERED this 4th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2