IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CURTIS HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 314-035 |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are Plaintiff's motion to compel and extend the discovery deadline and his motion for reconsideration of the Court's December 4th Order denying his motion for sanctions, his seventh and eighth discovery-related motions in this case. (Doc. nos. 79, 85.)

**I. BACKGROUND**

The amended complaint alleges Defendants violated the Establishment Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing Plaintiff to participate in a Christian faith-based program despite his Muslim beliefs. (See doc. no. 11.) On March 23, 2015, Plaintiff served requests for production on Defendants CCA, Medlin, Day, Phillips, and Defendants' responses, allegedly received on May 11, 2015, contained only objections. (Doc. no. 42, p. 2.) Plaintiff filed a motion to compel regarding the requests for production, arguing Defendants had wrongfully withheld relevant documents. (Doc. no. 42.) On August 26, 2015, the Court granted Plaintiff's

motion to compel in part, extended the discovery period until November 21, 2015, and ordered Defendant Hininger to provide a response to Plaintiff's request for production. (Doc. no. 59.) On September 28, 2015, Defendants complied with the Order by giving Plaintiff the opportunity to inspect approximately 2,000 responsive documents at Dooly State Prison due to his inability to pay for copies and his lack of entitlement to have his litigation costs subsidized. (Doc. no. 67.) Defendant also provided a response to Plaintiff's request for production. (Doc. no. 60.)

On October 9, 2015, Plaintiff filed a motion for sanctions and motion for subpoena due to Defendants' alleged failure to comply with the Court's Order on the motion to compel. (Doc. no. 70.) In that motion, Plaintiff argued that Defendants should be sanctioned for not producing all responsive documents and that he was prejudiced by having only three hours to inspect the documents before he attended Friday prayers. (Id.) He also requested the Court to subpoena the relevant documents. (Id.) In response, defense counsel stated in an affidavit that Plaintiff inspected the documents from 10:05 a.m. until 12:48 p.m. at which time he stated that he had enough and voluntarily stopped the inspection. (Doc. no. 72-2.) Defense counsel also supplied the Court with similar information in a notice of compliance and outlined the various documents provided for inspection. (Doc. no. 67.) On December 4, 2015, the Court denied the motion for subpoena and sanctions given that Plaintiff had not shown the incompleteness of discovery. (Doc. no. 81.) The Court also denied the motion for subpoena as a procedurally improper tool for obtaining discovery and due to Plaintiff's failure to make a good-faith certification. (Id.)

Plaintiff now comes before the Court disputing Defendant Hininger's responses to the request for production provided on August 26, 2015, the only item of discovery that, before

2

now, Plaintiff has not challenged. (Doc. no. 79.) Plaintiff also requests reconsideration of the Court's December 4th Order, insisting that Defendants have not produced all responsive documents. (Doc. no. 85.) Defendants contest both of these motions. (Doc. nos. 84, 87.)

## II. DISCUSSION

### A. Plaintiff's Motion to Compel

Fed. R. Civ. P. 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013).

Plaintiff's motion to compel only concerns nine document production responses given by Defendant Hininger. (Doc. no. 79, p. 4.) First, it should be noted that Defendant Hininger represented as to requests two, three, five, seven, and nine that there were no responsive documents. (Doc. no. 60-1, pp. 20-23.) The Court is generally entitled to rely on such representations by counsel absent some reasonable articulable suspicion that the representation is false, which Plaintiff has not provided here. See In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1349 (N.D. Ga. 2012) (citing Fed. R. Civ. P.

---

[1] The 2015 revision to Fed. R. Civ. P. 26(b)(1) became applicable "insofar as just and practicable" to all pending proceedings on December 1, 2015. Fed. R. Civ. P. Refs & Annos (Order of April 29, 2015). The new rule "elevates the proportionality factors previously found under Rule 26(b)(2)(C), but in a different order." Herrera-Velazquez v. Plantation Sweets, Inc., CV 614-127, 2016 WL 183058, at *4 (S.D. Ga. Jan. 14, 2016)

3

26(g) which requires that attorneys certify the completeness of discovery responses under penalty of sanctions). Further, the Court obviously cannot compel production of documents that do not exist. Mathis v. Wachovia, 505-CV-163, 2006 WL 3747300, at *2 (N.D. Fla. Dec. 18, 2006) ("Clearly, if documents do not exist or are not in Defendant's possession or control, the court cannot compel Defendant to produce the documents."). The Court will address the remaining contested responses in full below. Of note, given the multiple typographical errors in the requests, the Court has not given the customarily used "sic" by each error.

> *l. Produce the documents if the contractual agreement between the Georgia Department of Corrections and Corrections Corporation of America concerning the responsibility to its employees, inmates and their religious rights, assigned to their charge, visitors, contractors operates within the facility. ·*
>
> *RESPONSE: The defendants are not required to provide free copies of discovery documents to the plaintiff. A copy of the Contract between the Georgia Department of Corrections and Corrections Corporation of America will be made available for viewing and inspection at you r present facility and has been mailed to the warden's office at Dooly State Prison the same day the responses arc served.*

As to the contractual agreement between the Georgia Department of Corrections and CCA, Defendants have represented on numerous occasions that this was provided to Plaintiff for inspection on September 25, 2015. (Doc. no. 72, 84.) Given that Plaintiff has brought nothing to bear to undermine this certification by defense counsel, the Court **DENIES** Plaintiff's motion to compel as to this request. See In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d at 1349.

> *4. Produce the documents that contain, constru, refer to the name and GDC number and photo id of those enrolled in the BIP Faithbase program from April -November 2012.*

4

> *RESPONSE: The defendant objects to plaintiffs request on the grounds that as drawn, it seeks irrelevant information, is not calculated to lead to the discovery of admissible evidence is unduly burdensome overbroad, vague and ambiguous. In addition, state law prohibits me from disclosing the information pursuant to O.C.G.A.§ 42-5-36(c). Subject to the exemptions of subsection (b) & (d).*

Plaintiff states that he requires the photographs, inmate numbers, and names of those in the faith-based program during the time he was enrolled to identify who was in the program against their will and who received a disciplinary report for not participating in the meetings. (Doc. no. 79, p. 4.) However, the Court cannot see how this information concerning other inmates in the program is relevant to Plaintiff's claims that his freedom of religious exercise was impinged upon. O.C.G.A. § 42-5-36(c) also prohibits disclosure of this information due to its confidentiality, and Plaintiff cannot overcome this designation with such an expansive and ill-tailored request. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to this request.

> *6. Produce all documents contain, constru, refer to any complaint filed against you include lawsuits.*
>
> *RESPONSE: The defendant objects to plaintiff's request on the grounds that as drawn, it seeks irrelevant information, is not calculated to lead to the discovery of admissible evidence, is unduly burdensome, overbroad, vague and ambiguous.*

This request is also extremely overbroad in requesting any documentation relating to any complaints filed against Defendant Hininger. Plaintiff makes no attempt to limit this inquiry by subject, time period, or complainant. (See doc. no. 84, p. 4.) Accordingly, the Court **DENIES** Plaintiff's motion to compel as to this request

5

because it is overly broad.

> *8. Produce all documents contain, constru, refer to any job duties, responsibilities for Medlin, Day, Phillips, Faithbase Life Principles Program.*
>
> *RESPONSE: The defendants are not required to provide free copies of discovery documents to the plaintiff. The job descriptions for the Warden, Chaplain and Program Facilitator will be made available for viewing and inspection. There is no job duty of which I am aware for the "Faithbased Life Principles Program" available. The job descriptions for the Warden, Chaplain and Program facilitator have been mailed to your present facility for viewing and inspection the same day as these responses are served on you.*

Defense counsel represented that he has produced the job descriptions of Defendants Medlin, Day, and Phillips on numerous occasions. (Doc. no. 67, p. 2, doc. no. 60-1, p. 22.) Plaintiff has not undermined this representation in any meaningful way and common sense dictates that no job description would exist for the "Faithbase Life Principles Program." Accordingly, the Court **DENIES** Plaintiff's motion to compel as to this request.

### B. Plaintiff's Request to Have Possession of the Documents and Request for an Extension of Discovery.

Plaintiff requests that the responsive documents at issue in this motion to compel be left in his possession so that he has adequate time to inspect them. As the Court has denied his motion to compel in its entirety, this request is moot. Even if Plaintiff is requesting possession of the other responsive documents he has requested in this case, such a request is improper. Fed. R. Civ. P. 34(b)(1)(B) clearly contemplates inspection and copying of requested documents by the requesting party at a designated place and time, not wholesale possession of those documents. Plaintiff has had the opportunity to inspect the responsive documents and copy the most relevant items with his own funds. See Easley v. Dep't of

Corr., 590 F. App'x 860, 868 (11th Cir. 2014). Plaintiff chose to voluntarily stop the prior inspection and chose not to make any copies. (Doc. no. 72-2, p. 3.) Thus, the Court also **DENIES** this request.

Plaintiff also requests a ninety-day extension of discovery so that he can review the documents in dispute. Because the Court has denied the motion to compel in its entirety, the Court **DENIES** Plaintiff's request for an extension of discovery.

### C. Plaintiff's Motion for Reconsideration

Plaintiff's motion for reconsideration also makes the same general allegations against Defendants that they have not produced all of the responsive documents he has requested. (Doc. no. 85, p. 4.) In supporting this assertion, Plaintiff simply repeats some of his discovery requests and alleges Defendants have failed to produce the documents regardless of counsel's representations that no responsive documents exist or that he has produced all responsive documents that do exist. (Id. at 4-5.) Plaintiff also seems to argue that Defendants have not produced the documents because counsel did not label each category of documents to specify the document requests to which they were responsive. However, Defendants' supplemental responses to the requests for production clearly identify what has been produced in response to each individual request. (See doc. no. 60.)

In sum, Plaintiff's boilerplate allegations do not merit reconsideration of the Court's prior Order denying Plaintiff's motion for sanctions and for subpoena. Defendants have produced a multitude of documents that are responsive to each request, and Plaintiff has offered no evidence to question the completeness of this production.

7

**III.    CONCLUSION**

For the reasons set forth, the Court **DENIES** Plaintiff's motion to compel, motion for an extension of discovery, and motion for reconsideration. (Doc. nos. 79, 85.)

SO ORDERED this 5th day of February, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA