IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA; JASON MEDLIN; RON DAY; | ) | |
| JAY PHILLIPS; and DAMON HININGER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Before the Court is Defendants' motion to strike pleading and for sanctions filed after the case was administratively closed. (Doc. no. 133.) Plaintiff opposes the motion. (Doc. no. 134.) The Court **DIRECTS** the Clerk to reopen the case, and for the reasons set forth below, **GRANTS** Defendants' motion to strike pleading (doc. no. 133-2), **DENIES** Defendants' motion for sanctions (doc. no. 133-1), and **STRIKES** Plaintiff's Notice to Court of Outcome of the Mediation (doc. no. 132) from the record.

**I.      BACKGROUND**

On September 26, 2016, the Court, having been notified by the parties of their interest in settlement, ordered the Clerk of Court to administratively close this case pending mediation. (Doc. no. 126.) The Court further instructed the parties to conduct a mediation and notify the Court of its outcome on or before November 28, 2016. (Id.)

On November 28, 2016, Defendants filed a Report on Mediation, informing the Court that mediation was unsuccessful and the case is ready for trial. (Doc. no. 130.) On December 1, 2016, Plaintiff filed his own Notice to Court of Outcome of the Mediation. (Doc. no. 132.) In this Notice, Plaintiff detailed the timeline and substance of the mediation, including the negotiation position of Plaintiff and Defendants and their respective settlement offers. (See id. at 3-4.) Plaintiff also alleged that Defendants obstructed justice by transferring Plaintiff to the mediation without his legal materials in retaliation for his filing of this lawsuit. (Id. at 2.) Plaintiff further alleged this transfer caused him to lose eighteen pounds and "put [him] at risk of heart attack or stroke." (Id.)

Defendants subsequently filed a motion to strike Plaintiff's Notice and for sanctions. (Doc. no. 133.) They contend Plaintiff's Notice violates the confidentiality terms of the mediation, introduces improper evidence of offers of settlement negotiation, and contains no relevant information to the case. (See id. at 1-3.) They further request corrective sanctions against Plaintiff for his "symbolic thumbing his nose at the process of law," but do not recommend any sanction in particular. (Id. at 3-4.) Plaintiff opposes their motion, contending as a *pro se* litigant he did not fully understand the confidentiality terms of the mediation and that his allegations regarding his treatment during transport are cognizable constitutional violations. (Doc. no. 134.)

## II. DISCUSSION

### A. Plaintiff's Notice to Court of Outcome of the Mediation Should Be Struck from the Record.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although reflective of 'the inherent power of the Court to prune down pleadings,' motions to strike are drastic, generally disfavored remedies." Tomason v. Stanley, 297 F.R.D. 541, 544 (S.D. Ga. 2014) (internal citations omitted). Therefore, a motion to strike will generally "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Payne v. J.B. Hunt Transp., Inc., 154 F. Supp. 3d 1310, 1317 (M.D. Fla. 2016) (quoting Seibel v. Soc'y Lease, Inc., 969 F.Supp. 713, 715 (M.D. Fla.1997)).

Here, Plaintiff's Notice has no possible relation to the present controversy. Defendants have already notified the Court that mediation was unsuccessful and the case is ready for trial; Plaintiff does not dispute this information. The settlement amounts offered by Defendants and demanded by Plaintiff have no bearing on the outcome of this case. Nothing in Plaintiff's Notice is relevant to the merits of the controversy at issue.

Plaintiff contends his Notice is relevant because the manner of his transportation to the mediation was retaliatory and therefore constitutionally impermissible. However, Defendants' alleged retaliation is not at issue in this action; the only issue is whether Plaintiff has a valid Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim under 42 U.S.C. § 2000cc-1(a) and an Establishment Clause claim against Defendants. (See doc. no. 14, pp. 2-3.) Therefore, Plaintiff's allegations regarding retaliation are separate claims and have no relation to the present case. Should Plaintiff wish to pursue claims related to his

3

transportation to the mediation, he must file a new complaint and motion to proceed *in forma pauperis*.

Accordingly, the Court **GRANTS** Defendants' Motion to Strike Pleading (doc. no. 133-2) and **STRIKES** from the record Plaintiff's Notice to Court of Outcome of the Mediation (doc. no. 132).

### B. Plaintiff Should Not Be Sanctioned.

Defendants also request the Court sanction Plaintiff for his disclosures and inflammatory allegations in his Notice. (Doc. no. 133-1.) "[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). However, when considering sanctions, "the court must take into account the plaintiff's *pro se* status when determining whether the filing was reasonable." Thomas v. Evans, 880 F.2d 1235, 1240 (11th Cir. 1989).

Contrary to Defendants' assertion, Plaintiff's response shows it is not "an unavoidable conclusion that [Plaintiff] set out to violate both his agreement, which was a condition of mediation, and applicable rules." (Doc. no. 133, p. 3.) Rather, Plaintiff did not fully understand the terms of confidentiality as explained to him during the mediation, and he mistakenly believed settlement offers and negotiations were a proper part of his report to the Court of the mediation's outcome. (See doc. no. 134, pp. 3-4.) Because Plaintiff's disclosures were inadvertent and not in bad faith, sanctions are not proper.

Accordingly, the Court **DENIES** Defendant's Motion for Sanctions. (Doc. no. 133-1.) However, Plaintiff has now been placed on notice of the meaning of the confidentiality requirements of the mediation agreement. Should Plaintiff again attempt to reveal any information about the mediation other than its final result, sanctions may be appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to strike pleading (doc. no. 133-2), **DENIES** Defendants' motion for sanctions (doc. no. 133-1), and **STRIKES** Plaintiff's Notice to Court of Outcome of the Mediation (doc. no. 132) from the record.

SO ORDERED this 27th day of April, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA