IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-035 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA; JASON MEDLIN; RON DAY; | ) | |
| JAY PHILLIPS; and DAMON HININGER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On July 3, 2017, Plaintiff filed a notice of appeal seeking the Eleventh Circuit's review of the Court's June 19th Order. (Doc. no. 143.) Although filing a notice of appeal generally deprives a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (citing United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)[1](*en banc*)). A partial summary judgment grant is not interlocutorily appealable. See Stillman v. Travelers Ins. Co., 88 F.3d 911, 914 (11th Cir. 1996) ("A partial summary judgment is not a 'final' judgment subject to appeal under 28 U.S.C. § 1291 unless the district court certifies it as

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

final under Rule 54(b).") (quoting General Television Arts, Inc. v. Southern Ry. Co., 725 F.2d 1327, 1331 (11th Cir. 1984)). Therefore, Plaintiff's appeal to the Eleventh Circuit does not divest this Court of jurisdiction and the case will proceed to trial on the deadlines set in the Court's June 19th Order. (Doc. no. 142.)

SO ORDERED this 7th day of July, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA